IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MORGAN BRUCE JONES,                         Civil No. 07-523-KI

        Petitioner,                         OPINION AND ORDER

    v.

TRAVIS MILLER,

        Respondent.


        CRAIG E. WEINERMAN
        Office of the Federal Public Defender
        151 W. 7th
        Eugene, OR  97401

            Attorney for Petitioner


        JOHN KROGER
        Attorney General
        LESTER R. HUNTSINGER
        Oregon Department of Justice
        1162 Court Street, NE
        Salem, OR  97301

            Attorneys for Respondent


        1 - OPINION AND ORDER -

KING, District Judge.

Petitioner, under post-prison supervision of Union/Wallowa Community Corrections brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this proceeding dismissed.

## BACKGROUND

In 1999, while Petitioner was going through a divorce, his wife reported him for sexually abusing their 6 and 8 year old daughters. A daycare provider also reported observing the girls engaged in inappropriate sexual behavior while she babysat them. Sometime after these reports, a Services to Children and Families (SCF) caseworker informed Petitioner his daughters had been taken to the hospital to be checked for sexual abuse. Approximately two weeks later, the caseworker and an Oregon State Police detective, in plain clothes, went to Petitioner's home. They told Petitioner they wanted to interview his daughters and asked that he accompany them to the SCF offices. Petitioner was told he could not take his own vehicle, and he and his daughters traveled to the SCF offices in a state vehicle. The detective did not identify himself as a peace officer until after they reached the SCF office.

Petitioner waited two and a half to three hours while his daughters were interviewed. He was then interviewed. All interviews were taped. At the outset of Petitioner's interview,

the detective informed Petitioner his daughters reported inappropriate touching that occurred when they lived in Wyoming. The detective did not place Petitioner under arrest or given him *Miranda* warnings, but proceeded with questioning that lasted approximately 45 minutes.  During that time, Petitioner admitted to two incidents in Wyoming when the girls touched his genitalia, one occurring as he was getting out of the shower, one occurring when he was in his bedroom with his wife and had an erection.  After the questioning, the detective and caseworker took Petitioner home, but the girls were placed in foster care.

Petitioner was indicted on a total of eight counts pertaining to the allegations of sexual abuse: two counts each of Sexual Abuse in the First Degree (victim, 6 y.o.), Sexual Abuse in the First Degree (victim, 8 y.o.), Unlawful Sexual Penetration in the First Degree (victim, 6 y.o.), and Sodomy in the First Degree (victim, 8 y.o.).  Petitioner waived his right to a jury trial, and was tried by the court.  At the outset of the trial, the parties agreed evidentiary rulings could be made at the conclusion of the trial. (Trial Tr. Vol. 1 at 22.)

At trial, Petitioner's daughters testified and their recorded interviews were played.  Petitioner's recorded interview was also played.  Counsel argued the statements Petitioner made relating to the acts occurring in Wyoming were inadmissible.  The court ruled Petitioner's statements about the shower incident were

inadmissible, but allowed Petitioner's statements about the bedroom incident. (Trial Tr. Vol. IV at 497-501.)

The trial court found Petitioner guilty of two counts of Sexual Abuse in the First Degree (Counts 3 and 4), but acquitted Petitioner of the remaining charges. (Trial Tr., Verdict at 4.) The court sentenced Petitioner under Measure 11 to 75-months imprisonment, merging Counts 3 and 4 since they were pled in the alternative. (Trial Tr., Sentencing at 9-10.) Petitioner appealed his conviction, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (Respt.'s Ex. 107, 108.) Appellate Judgment issued September 24, 2002.

Petitioner filed an Amended Petition for Post Conviction Relief (PCR). At the close of a PCR hearing, the PCR court denied relief. (Respt.'s Ex. 115.) Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (Respt.'s Ex. 119, 120.)

Petitioner filed the instant petition raising three grounds for relief. Respondent contends Ground for Relief One is procedurally defaulted and Ground Three lacks merit, and argues the state court adjudication of Ground Two, alleging ineffective assistance of counsel, is entitled to deference.

/ / /

## DISCUSSION

### I.   Grounds for Relief not addressed by Petitioner

In his Memorandum (#32) Petitioner present arguments in support of Ground Two, but does not attempt to refute Respondent's assertions that Ground for Relief One is procedurally defaulted and Ground Three lacks merit. (Respt.'s Response, #21.)  The court has reviewed the record and finds Petitioner is not entitled to relief on the claims he did not address in his memorandum.  *See* 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Walker v. Johnston*, 312 U.S. 275, 286 (1941) (Petitioner bears the burden of proving he is in custody in violation of the Constitution, laws or treaties of the United States); *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002). Accordingly, habeas relief is denied on Grounds One and Three.

### II.  The Merits

#### A.  Standards

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:  "(1)

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the  evidence presented in the State court proceeding."   28 U.S.C. § 2254(d).   In construing this provision, the Supreme Court stated: "it seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000).   The last reasoned decision by the state court is the basis for review by the federal court.   *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002).   In this case, the PCR trial court's decision is the basis for review.

Petitioner contends the state PCR court's adjudication of Ground Two, alleging ineffective assistance of counsel, is contrary to, or an unreasonable application of clearly established federal law.   A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent.   *Williams,* 529 U.S. at 388.   An "unreasonable application" of clearly

established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S. at 413). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

It is well established that the principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), govern claims of ineffective assistance of counsel. Under *Strickland*, a petitioner must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. "Not every error that conceivably could have influenced the outcome undermines the reliability of the results of the proceeding." *Id*. at 693. Furthermore, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The reasonableness of counsel's conduct must be evaluated in light

of the facts of the case and the circumstances at the time of representation, and there is a strong presumption that counsel provides adequate assistance. *Id*. at 690.

    B. Analysis - Ground Two

Petitioner contends trial counsel was ineffective for failing to move to suppress statements made to an Oregon State Police detective and a child services caseworker during questioning. The PCR trial court denied Petitioner relief finding neither deficient representation nor prejudice. For habeas relief to be granted, Petitioner must show the PCR court decision was contrary to, or an unreasonable application of *Strickland*.

Petitioner seeks to expand the record to include a transcript of his questioning by the state police detective. However, review of the state court decision is to be conducted "in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004). Moreover, Petitioner has not satisfied the requirements for this court to expand the record. *See* 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 432 (2000); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). Accordingly, Petitioner's Exhibit 1 will not be considered in this court's review of Ground Two.

The evidence before the PCR trial court included Petitioner's Indictment, Amended Judgment, Sentencing Transcript, Trial Transcript, Appellant's Brief, and Petitioner's PCR deposition.

(Respt.'s Ex. 114, Index b.)    At the conclusion of the PCR

proceeding the court stated:

> As I've indicated, I've read all the exhibits and
> listened to testimony today and the argument, and
> frankly, I don't see anything in this case that even
> remotely approaches ineffective assistance of counsel,
> let alone any proof of prejudice to the petitioner here
> in any of the decisions that were made. *Tactical
> decisions were made around the Judge in waiving jury and
> whether or not to suppress.  To me it's clear that yes,
> [counsel] could have gone through the motions, but it
> wasn't going to do you any good*, and quite frankly, I
> have to applaud a lawyer who made a decision like that
> because I think more lawyers err on the side of filing
> useless motions even when they know they're not going to
> win them.  I just don't find any ineffectiveness of
> counsel, I don't find any prejudice, I don't find any
> (INAUDIBLE), so the petition will be dismissed.

(Respt.'s Ex. 114, at 20.) (Emphasis added.)

The transcripts of Petitioner's bench trial include counsel's

arguments that Petitioner's statements regarding his daughters

touching his genitalia when they lived in Wyoming were inadmissible

under Oregon law, and the trial court ruled that one of the

statements was inadmissible, while the other was admissible.

(Trial Tr. Vol. IV at 497-501.)  In the PCR proceeding, Petitioner

argued he was in custody at the time he made incriminating

statements and because he was not given *Miranda* warnings counsel

was deficient in failing to moved to suppress his statements.

However, in his PCR deposition, Petitioner acknowledged the officer

questioning him told him he was free to leave the SCF office, and

that he was told several times he was not under arrest in response

9 - OPINION AND ORDER -

to his asking if he was.  (Respt.'s Ex. 113, PCR deposition at 45,
16, 20.)  During the PCR trial Petitioner stated he was never told
he was free to leave, contradicting his deposition statements.
(Respt.'s Ex. 114, PCR Trial Tr. at 12, 13.)   In both his
deposition and during the PCR trial, Petitioner claimed the fact he
could not leave with his daughters gave him the impression he was
not free to leave.  (Respt.'s Ex. 113, deposition at 17-18;
Respt.'s Ex. 114, PCR Trial Tr. at 5.)  In both his deposition and
during the PCR trial, Petitioner acknowledged he left the SCF
office after questioning and that he was arrested two weeks after
the questioning at the SCF offices took place.  (Respt.'s Ex. 114,
PCR Trial Tr. at 11, Respt.'s Ex. 113 at 18-19, 44.)

The PCR court found trial counsel made a tactical decision not
to move to suppress Petitioner's statements regarding what occurred
in Wyoming.  Factual findings by the state court are presumed to be
correct absent clear and convincing evidence to the contrary.  28
U.S.C. § 2254 (e)(1).  Evidence to overcome the presumption of
correctness has not been presented to this court.  Moreover, the
trial transcript shows counsel argued that the statements at issue
were inadmissible under Oregon law, and the trial court agreed as
to one statement, but not the other.

Under *Strickland*, a court may deny a claim of ineffective
assistance of counsel if the petitioner fails to prove either that
counsel's performance was deficient or that the alleged deficiency

was prejudicial.  The PCR court found their was no evidence of either deficient performance or prejudice.  Based on the record, I do not find the PCR court's adjudication to be contrary to or an unreasonable application of *Strickland*.  Accordingly, habeas relief is precluded.

<u>**CONCLUSION**</u>

Based on the foregoing, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this proceeding dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___17th___ day of June, 2009.


___/s/ Garr M. King_____
Garr M. King
United States District Judge